UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN HALL, JR.,

Plaintiff,

-against-

JHON DOE #1, FISHKILL SUPERVISOR ON 10/16/25 AT 12:01 A.M.; JHON DOE #2, FISHKILL C.O. WHO RESPONDED TO 10/16/25 INCIDENT AT 12:01 A.M.; JANE DOE #1, FISHKILL C.O. 9-1 DORM OFFICER ON 10/16/25 AT 12:01 A.M.; JHON DOE #3 FISHKILL C.O. WHO RESPONDED TO 10/16/25 INCIDENT AT 12:01 A.M.; JHON DOE #4 FISHKILL DENTIST WHO MESSED UP THE FIRST OPERATION ON TOOTH 10/17/25; JANE DOE #2 FISHKILL NURSE WHO SEEN ME AT RRU AFTER INSIDENT ON 10/16/25; JHON DOE #5 FISHKILL C.O. THAT DENIED ME EMERGENCY MEDICAL THE MORNING OF 10/16/25,

Defendants.

**VALENTIN ORDER**

26-CV-5723 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at Upstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Fishkill Correctional Facility employees subjected him to excessive force and denied him medical care. Plaintiff sues six John and Jane Doe Defendants. By order dated August 10, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*,

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons

717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the six John and Jane Doe Fishkill Correctional Facility employees involved in the alleged events giving rise to this complaint. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity of each Doe defendant whom Plaintiff seeks to sue here and the address where the Doe defendant may be served. The New York State Attorney General's Office must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Upon receipt of this information, the Court will deem the Complaint amended to identify those defendants and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

is issued. If the complaint is not served within 90 days from the date a summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

**Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

CONCLUSION

The Clerk of Court is directed to mail a copy of this order to the New York State Attorney General's Office at: 28 Liberty Street, New York, NY 10005.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: White Plains, New York
August 12, 2026

PHILIP M. HALPERN
United States District Judge

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.